UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CT-3182-BO

| | |
|---|---|
| WILLIAM CHARLES KLINGER,<br>    Plaintiff, | )<br>)<br>) |
| v. | )    O R D E R |
| KEVIN FRYE, et al.,<br>    Defendants. | )<br>)<br>)<br>) |

William Charles Klinger ("Klinger") filed this 42 U.S.C. § 1983 action. Klinger names Sheriff Kevin Frye, Chief Jailer Trina Cook, Warden G.J. Branker, and Lieutenant A. Blanks as defendants. Avery County was previously dismissed from the lawsuit. Defendants Frye and Cook of Avery County are before the court with a summary judgment motion. (D.E. # 24) Defendants Branker and Blanks, both employed at Central Prison, are before the court with a motion for judgment on the pleadings. (D.E. # 19) Klinger timely responded to both pending motions, and the matters are ripe for determination.

Klinger's allegations appear to be as follows. On May 1, 2010, while incarcerated as a pre-trial detainee held at Central Prison, he was raped by another inmate. He alleges that he was, or should have been, held as a safekeeper, and was to have been returned to Avery County earlier in time on April 13, 2010. If procedure and policy had been followed, he argues he would have been transferred prior to the incident or protected from such violence. He alleges that Sheriff Frye and Chief Jailer Cook failed to notify Central Prison of the status he needed for protection from harm. He also alleges failure to protect by defendants at Central Prison. (Compl. and Response to Order to Particularize Compl.)

a. Judgment on the Pleadings

The Rule 12(c) "Motion for Judgment on the Pleadings" adheres to the same standards as a motion made pursuant to Rule 12(b)(6). Burcach Broadcasting Co. of Delaware v. Elkins Radio Corp., 278 F.3d 401, 405-406 (4th Cir. 2002). A Rule 12(c) motion should be granted "if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." Edwards v. City of Goldsboro, 178 F.3d 231, 243-244 (4th Cir. 1999).

Defendants Branker and Blanks raise the affirmative defense of plaintiff's failure to exhaust administrative remedies before filing this action. The Prison Litigation Reform Act ("PLRA") states, "[n]o action shall be brought with respect to prison conditions [under section 1983], or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford v. Ngo, 548 U.S. 81, 83–86 (2006); see also Jones v. Bock, 549 U.S. 199, 216 (2007) ("[F]ailure to exhaust is an affirmative defense under [42 U.S.C. § 1997e] . . . ."); Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Jones, 549 U.S. at 211-212 (citing Porter v. Nussle, 534 U.S. 516, 524 (2002)). A prisoner must exhaust his administrative remedies, regardless of the relief offered through administrative procedures. Booth v. Churner, 532 U.S. 731, 741 (2001). The North Carolina Department of Correction has an administrative remedy procedure ("ARP") which governs the filing of grievances. See, e.g., Goulette v. Warren, No. 3:06CV235-1-MU, 2006 WL 1582386 (W.D.N.C. June 1, 2006) (unpublished).

2

On October 7, 2010, Klinger dated this complaint, and on October 12, 2010, the complaint was filed with this court. (D.E. # 1) On October 28, 2010, plaintiff submitted his Grievance No 3085-10-0909 regarding the incident now in question. (Response to Mot. for J. on the Pleadings, p. 2) Thus, this case was filed prior to plaintiff initiating, much less completing, the administrative review process which is a prerequisite for filing in this court. Additionally, on July 21, 2010, Klinger filed a grievance which stated that he had been raped. (Answer, Ex. C - Grievance # 3085-10-0595) The grievance was adjudicated at Steps 1 and 2 and the Inmate Grievance Resolution Board issued its final ruling on October 14, 2010. Even construing the July 21, 2010 grievance as raising the issues now before the court, the grievance process had not been completed until several days after this complaint was filed in this court.

Likewise, Klinger fully admits that he did not exhaust his administrative remedies. He suggests that the failure was either due to his classification as a safekeeper or because he was transferred from Central Prison on October 29, 2010. (Response to Mot. for J. on the Pleadings) However, the ARP "shall be available to all inmates, regardless of any disciplinary, classification or other administrative decisions affecting the inmate grievant." (Ans., Ex. B § .0302(b)(2).) Moreover, "[a]ny inmate in the custody of the Department of Correction may submit a written grievance on Form DC-410." (Id. § .0304(a).) Thus, the ARP extends to all persons in DOC custody, including safekeepers. In fact, Klinger admits that as a safekeeper he filed a grievance in October. (Response) Likewise, the answer and the attached grievances before the court show that Klinger filed multiple grievances throughout his custody at Central Prison as a safekeeper from June until the end of October 2010. (See Answer p. 1-2 and Exhibit "C" to Answer) The matter is DISMISSED WITHOUT PREJUDICE for FAILURE TO EXHAUST as to Branker and Blank.

b.  Summary Judgment

Defendants Frye and Cook filed a motion for summary judgment. Summary judgment is appropriate when, after reviewing the record taken as a whole, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the non-moving party may not rest on the allegations or denials in its pleading, but "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quotation omitted & emphasis removed). A trial court reviewing a summary judgment motion should determine whether a genuine issue of material fact exists for trial. Anderson, 477 U.S. at 249. The court construes the evidence in the light most favorable to the non-moving party and draws all reasonable inferences in the non-movant's favor. See Matsushita, 475 U.S. at 587. The court can rely on the medical affidavits and prison medical records, including mental health records, in ruling on a motion for summary judgment. See generally, Stanley v. Hejirika, 134 F.3d 629, 637-38 (4th Cir. 1998); Shakka v. Smith, 71 F.3d 162, 167 (4th Cir. 1995); Marshall v. Odom, 156 F. Supp. 2d 525, 530 (D. Md. 2001); Bennett v. Reed, 534 F. Supp. 83, 86 (E.D.N.C. 1981), aff'd, 676 F.2d 690 (4th Cir. 1982).

From the summary judgment materials before the court, it appears that defendant Trina D. Cook is a duly appointed Deputy Sheriff of Avery County and holds the position of Chief Jail Administrator for the county. (Summ. J., Aff. Cook, ¶ 1) Defendant Kevin Frye is the Sheriff of Avery County. It further appears that on March 31, 2010, Klinger was arrested by Avery County

sheriff's deputies and charged with selling or delivering controlled substances to a minor. (Id., ¶ 3) Later he was charged with multiple counts of statutory sexual offenses with minors and taking indecent liberties with a child. (Id.)

After arrest and while being processed into Avery County Jail, he informed the jail staff that he suffered from HIV/AIDS. (Id., ¶ 4) The next day, April 1, 2010, Klinger began to experience abdominal pains and was taken to the office of a physician who provides medical care to prisoners in the jail. (Id.) The physician referred him to a nearby emergency room at Cannon Hospital. (Id.) Dr. Clay Skarda was on call and evaluated Klinger. (Id.) Dr. Skarda determined that Klinger needed additional medical care. (Id.) After consultation with the medical personnel at Central Prison, Dr. Skarda recommended to Chief Jailer Trina Cook that Klinger be taken to Central Prison for proper medical care. (Id., ¶ 5) Thus, Chief Jailer Cook sought and obtained a Safekeeping Order from a judge of the Avery County District Court. (Id. and Ex. B, Order) This order allowed for the transport of Klinger to the North Carolina Department of Correction for custody through April 16, 2010, or until the next court date. (Id.) That day, Chief Jailer Cook and another deputy took Klinger to Central Prison in Raleigh. (Id.)

On April 12, April 28, July 6, and September 6, the Avery County District Court entered additional Safekeeping Orders which allowed Klinger to be kept in the custody of the NCDOC. (Id., ¶¶ 4-6 and Ex. C-D) On October 29, 2010, he was returned to the custody of Avery County, but Klinger was housed in the McDowell County Jail where a full-time nurse is on staff. (Klinger's response to Mot. for J. on the Pleadings and Id., ¶ 6) Klinger is now serving an active sentence after his state conviction on January 23, 2012, and is again in the custody on the NCDOC at Central Prison. (http://webapps6.doc.state.nc.us/opi/viewoffender.do?method=view

5

offenderID=1199527&searchLastName=klinger&searchFirstName=william&listurl=pagelistoffn dersearchresults&listpage=1 (last viewed Mar. 8, 2012))

A pre-trial detainee's claim of unconstitutional behavior falls not under the Eighth Amendment, but the due process clause. However, "[p]retrial detainees are entitled to at least the same protections under the Fourteenth Amendment as are convicted prisoners under the Eighth Amendment." Young v. City of Mount Rainer, 238 F.3d 567, 575 (4th Cir. 2001); see also Coil v. Peterkin, 2009 WL 3247848, *8 (M.D.N.C.) ("pertinent constitutional guarantee for the punishment of pretrial detainees is the Due Process Clause of the Fourteenth Amendment," but "pretrial detainees 'retain at least those constitutional rights . . . enjoyed by convicted prisoners'" under the Eighth Amendment (quoting Bell v. Wolfish, 441 U.S. 520, 534 n.16 (1979)); see also City of Revere v. Mass. Gen. Hosp., 463 U.S. 239, 243-245 (1983).

A prisoner has a clearly established protected right to be free from an excessive risk to health or safety of which a prison official knows or consciously or intentionally disregards. Parrish ex rel. Lee v. Cleveland, 372 F.3d 294, 302 (4th Cir. 2004); Farmer v. Brennan, 511 U.S. 825, 835 (1994). A plaintiff must show both "(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials." Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir.1993) (internal quotation marks omitted). The first prong requires the court to determine whether the deprivation was objectively sufficiently serious, while the second prong requires the court to determine whether the officials acted with a subjectively sufficiently culpable state of mind. Id. (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). "[D]eliberate indifference entails something more than mere allegation, ... [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer, 511 U.S. at 835. "It requires that a prison official

6
Case 5:10-ct-03182-BO   Document 29   Filed 03/09/12   Page 6 of 8

know of and disregard [an] objectively serious condition, medical need, or risk of harm." Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995) (citing Farmer, 511 U.S. at 837). "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 at 837.

Clearly, neither defendants, located in Avery County and working as the Sheriff of Avery County and Jail Administrator of Avery County, were aware of any malfeasance alleged to have occurred at Central Prison. Furthermore, neither may be held accountable for any breach of policy or procedure at Central Prison. Lastly, these individuals are protected by absolute immunity in that they were executing a valid court order. See Fowler v. Alexander, 340 F. Supp. 168, 171 (M.D.N.C.1972) (ruling that sheriff and jailor enjoyed immunity for their roles in detaining individuals pending trial in state court akin to that of judges and judicial personnel involved in such detention), aff'd, 478 F.2d 694, 695-96 (4th Cir. 1973) ("The defendants are the judges of the court who ordered the plaintiff confined under the provisions of the challenged statutes, the sheriff and the jailer who executed the order of the court in confining plaintiff temporarily, and the director of the Administrative Office of the Courts of North Carolina .... We may quickly dispose of plaintiff's claim for damages. It is plainly without merit. The defendants were cloaked with immunity."); Capers v. Durham Cty. Sheriff Dept., No. 1:07CV825, 2009 WL 798924, at *7 (M.D.N.C. Mar. 23, 2009) (unpublished) ("Plaintiff's incarceration was pursuant to a court order to hold him on a drug possession charge; therefore, [the Sheriff and jail personnel] are immune from liability for actions taken consistent with that order."); Miller v. United States Dept. of Hous. and Urban Dev., No. 1:05CV1045, 2006 WL 2504834 (M.D.N.C.

Aug. 29, 2006) (unpublished) ("[T]he judicial immunity afforded to judges is extended to officers of the peace who act upon the basis of a judicial order which is valid on its face."). Therefore, defendants Frye and Cook are DISMISSED on their motion for summary judgment.

In conclusion, the motion for judgment on the pleadings (D.E. # 19) filed by defendants Branker and Blanks is GRANTED and the claims against them are dismissed without prejudice for failure to exhaust. The motion for summary judgment (D.E. # 24) filed by defendants Cook and Frye is GRANTED and the claims against them are dismissed with prejudice. The Clerk is DIRECTED to CLOSE the case.

SO ORDERED, this _8_ day of March 2012.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE